**EXHIBIT A**

| | |
|---|---|
| PLYMOUTH, ss. | COMMONWEALTH OF MASSACHUSETTS |
| | SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT OF THE COMMONWEALTH |
| | CIVIL ACTION NO. 2083CV00824 |

Norfolk & Dedham Mut. Ins. Co. a/s/o Zachary and Bethany Barra, Plaintiff(s)

vs.

Whirlpool Corporation, Defendant(s)

## SUMMONS

To the above-named defendant:

You are hereby summoned and required to serve upon MATTHEW PASSERI plaintiff attorney, whose address is 113 Union Wharf East, Boston, MA 02109 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Plymouth either before service upon plaintiff    attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff       which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ........27th........ day of ........October........, in the year of our Lord Two thousand and twenty.

ASST. CLERK.

**NOTES**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-Equitable Relief-Other.

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ................, 200 , I served a copy of the within summons together with a copy with a copy of the complaint in this action, upon the within-named defendant    , in the following manner(See Mass. R. Civ. P. 4(d)(1-5)):................

Dated:         , 200

N.B.    TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

,    200

A true copy Attest: Joseph P Casey
Deputy Sheriff Suffolk County
11-5-20

*(Left margin vertical text:)* attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth. ... appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.

10/26/2020      2

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 2083CV00824 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Norfolk & Dedham Mutual Fire Insurance Company<br>**ADDRESS:** 222 Ames Street, Dedham, MA 02026 | | **COUNTY** Plymouth |
| | **DEFENDANT(S):** Whirlpool Corporation | |
| **ATTORNEY:** Matthew R. Passeri<br>**ADDRESS:** Monahan & Associates, P.C.<br>113 Union Wharf East, Boston, MA 02109 | **ADDRESS:** 2000 North M-63, Benton Harbor, MI 49022 | |
| **BBO:** 684518 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Product Liability | A | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  [ ] YES  [X] NO
Is this a class action under Mass. R. Civ. P. 23?  [ ] YES  [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................ $
2. Total doctor expenses .............................................................. $
3. Total chiropractic expenses ...................................................... $
4. Total physical therapy expenses ............................................... $
5. Total other expenses (describe below) ..................................... $
                                                              Subtotal (A): $

FILED COMMONWEALTH OF MASSACHUSETTS SUPERIOR COURT DEPT. OF THE TRIAL COURT PLYMOUTH COUNTY

OCT 26 2020

B. Documented lost wages and compensation to date ............................................ $
C. Documented property damages to date ............................................................... $247,205.69
D. Reasonably anticipated future medical and hospital expenses ............................ $
E. Reasonably anticipated lost wages ....................................................................... $
F. Other documented items of damages (describe below) ....................................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Fire, smoke and water damage to a single-family residence and its contents and additional living expenses incurred when the property could not be occupied.

**TOTAL (A-F): $247,205.69**

### CONTRACT CLAIMS
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL: $**

Signature of Attorney/ Unrepresented Plaintiff: X _/s/ Matthew R. Passeri_  Date: 10/19/2020

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _/s/ Matthew R. Passeri_  Date: 10/19/2020

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.  SUPERIOR COURT
CIVIL ACTION NO.: 2083CV00824

NORFOLK & DEDHAM MUTUAL FIRE )
INSURANCE COMPANY, as Subrogee of, )
ZACHARY & BETHANY BARRA, )
    Plaintiff, )
     )
     )
v. )
     )
WHIRLPOOL CORPORATION, )
    Defendant. )
     )



FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

OCT 26 2020

Clerk of Court

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

1. The Plaintiff, Norfolk & Dedham Mutual Insurance Company (hereinafter "Norfolk & Dedham" or "Plaintiff") is an insurance company duly authorized to issue policies of insurance within the state of Massachusetts with a usual place of business located at 222 Ames Street, Dedham, Massachusetts 02026.

1. The Defendant, Whirlpool Corporation (hereinafter "Whirlpool" or "Defendant"), is a Michigan corporation with a principal place of business at 2000 North M-63, Benton Harbor, MI 49022. Whirlpool is registered to conduct business in the Commonwealth of Massachusetts as a foreign corporation and engages in the distribution and sale of home appliances in the Commonwealth.

## JURISDICTION AND VENUE

2. Jurisdiction and venue are proper in Plymouth County, Massachusetts as the Plaintiff's cause of action against the Defendant originates from events that took place in Kingston, Massachusetts and arises from the Defendant transacting business, contracting for sales and services in Plymouth County in the Commonwealth of Massachusetts.

## FACTS

3. At all times relevant to this lawsuit, Norfolk & Dedham insured the property/home owned by Zachary and Bethany Barra (hereinafter the "Barras"), located at 23 Three Rivers Drive in Kingston, Massachusetts (hereinafter the "Property").

4. At all relevant times, Norfolk & Dedham provided insurance coverage to the Barras covering the Property.

5. Located inside the second-floor laundry closet of the Property was a Maytag brand washing machine (hereinafter the "subject washing machine").

6. Whirlpool designed, manufactured, distributed, and/or sold the subject washing machine.

7. On July 29, 2018, the Barras were preparing to leave for a family vacation and started a load of laundry in the subject washing machine before leaving to run errands.

8. Upon returning from running errands, the Barras discovered a fire in the second-floor laundry room, where the subject washing machine was located.

9. After a failed attempt to extinguish the fire with a garden hose, the Barras called 9-1-1, alerting the Kingston Fire Department who eventually extinguished the fire.

10. As a result of the fire, the Property suffered extensive fire and smoke damage as well as water damage due to the Kingston Fire Department's firefighting efforts.

11. The origin of the fire was determined to be at the internal mechanical area below the drum of the subject washing machine. The cause of the fire was a defect within the subject washing machine.

12. As a result of the fire, Norfolk & Dedham as the first-party insurer of the Property, issued claim payments under the applicable policy of insurance totaling $246,205.69. In addition, the Barras incurred their $1,000.00 deductible.

## COUNT I
### *Negligence*

13. The Plaintiff repeats and re-avers the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14. The Defendant had a duty to design and manufacture the subject washing machine in a manner that did not create an unreasonable risk of fire.

15. The Defendant designed and manufactured the subject washing machine in a manner that created an unreasonable risk of fire.

16. As a direct result of Defendant's negligent design and manufacture of the subject washing machine, the Plaintiff incurred damages related to fire, water, smoke and soot.

WHEREFORE, the Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, demands judgment against the Defendant, Whirlpool Corporation, for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

## COUNT II
### *Breach of Warranty*

17. The Plaintiff repeats and re-avers the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18. The Defendant impliedly warranted that the subject washing machine was of merchantable quality and fit for its intended purpose.

19. The Barras relied on the implied warranties of the Defendant that the subject washing machine was of merchantable quality and fit for its intended purpose.

20. The subject washing machine was defective and caused a fire in the Property on July 29, 2018.

21. The defect present in the subject washing machine was present at the time of manufacture and at the time of sale to the Barras.

22. By improperly, negligently and carelessly designing and/or manufacturing the subject washing machine, the Defendant breached the implied warranty of merchantability.

23. As a result of the Defendant's breach of warranty of merchantability, the Plaintiff incurred damages as a result of claim payments made to its insured and its insured incurred its policy deductible.

WHEREFORE, the Plaintiff, Norfolk & Dedham Mutual Fire Insurance Company, demands judgment against the Defendant, Whirlpool Corporation, for damages, plus interest and costs as provided by Massachusetts law and for such other relief as this Court deems equitable and just under the circumstances.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Plaintiff,

Norfolk & Dedham Mutual Fire
Insurance Company,
As Subrogee Of, Zachary and Bethany Barra,
By its Attorneys,

/s/ William O. Monahan

William O. Monahan, BBO #542916
Matthew R. Passeri, BBO #684518
Christopher L. Stanton, BBO #694013
Monahan & Associates, P.C.
113 Union Wharf East
Boston, MA 02109
(617) 227-1500
wmonahan@monahanlaw.net
mpasseri@monahanlaw.net
cstaton@monahanlaw.net
Dated: 10/19/2020

9BARRA/Complaint

4